UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

DAVID WIECHERING, *et al.*,  : Case No. 1:16-cv-378
    Plaintiffs,  : Judge Timothy S. Black
vs.  :
HOME DEPOT USA, INC.,  :
    Defendant.  :

## ORDER DENYING MOTION FOR PERMISSION TO FILE UNDER SEAL (Doc. 37)

### I. INTRODUCTION

This is a personal injury action. On December 14, 2015, Plaintiffs filed a complaint against Defendant Home Depot USA, Inc. ("Home Depot"). The Complaint alleges Plaintiff David Wiechering was injured at a Home Depot store when a door frame fell and struck Mr. Weichering. (Doc. 4 at ¶ 5). Plaintiffs seek damages related to Mr. Wiechering's injury .

On March 11, 2016, Home Depot removed the case to this Court. (Doc. 1).

On October 14, 2016, the Court entered the parties' stipulated Protective Order. (Doc. 16). The Protective Order states, *inter alia*, that it "does not authorize a party to file or maintain a document under seal. Any party that seeks to file any document, or any

portion of a document, under seal, and any party that opposes its maintenance under seal, must comply with local rules." (*Id.* at 9).[1]

On January 5, 2017, Home Depot filed a Third-Party Complaint against Plastpro 2000, Inc. ("Plastpro"), the manufacturer of the door at issue. (Doc. 19).

On October 3, 2017, Plastpro filed a motion for leave to file its motion for summary judgment under seal. (Doc. 37). The motion states that Plastpro's forthcoming motion for summary judgment will include "confidential contracts between Home Depot USA, Inc. and Plastpro that were produced in discovery under seal." (*Id.* at 1). Plastpro requests leave to file its motion for summary judgment, including all exhibits, under seal, and requests that any opposition(s) or reply(ies) be filed under seal as well. (*Id.*)

## II. STANDARD

A district court's decision to seal court records is reviewed for an abuse of discretion. *Klingenberg v. Fed. Home Loan Mortg. Co.*, 658 Fed. Appx. 202, 207 (6th Cir. 2016) (citing *Shane Grp. Inc. v. Blue Cross Blue Shield*, 825 F.3d 299, 306 (6th Cir. 2016)). However, "the district court's decision is not accorded the deference that standard normally brings." *Id.*

That is because there is a "stark" difference between, on one hand, the propriety of allowing litigants to exchange documents in secret, and on the other hand, allowing litigants to shield from public view those documents which are ultimately relied on in the Court's adjudication. *See Shane Grp.*, 825 F.3d at 305. Parties are typically entitled to a

---

[1] S.D. Ohio Civ. R. 5.2.1(a) provides "Unless permitted by statute, parties cannot file documents under seal without leave of Court."

2

"protective order" limiting disclosure of documents in discovery upon a mere showing of good cause. *Id.* However, "very different considerations apply" when these materials are filed in the public record. *Id.*

Unlike information merely exchanged between the parties, the public has a strong interest in obtaining the information contained in the court record. *Id.* Accordingly, the courts have long recognized a "strong presumption in favor of openness" of court records. *Id.* (quoting *Brown & Williamson Tobacco Corp. v. F.T.C.*, 710 F.2d 1165, 1180 (6th Cir. 1983)).

Multiple times in the past two years the Sixth Circuit has explained that a party moving to seal court records must overcome a significant burden. *See Shane Grp.*, 825 F.3d at 305-06; *Klingenberg*, 658 Fed. Appx. at 207-08; *Rudd Equip. Co. v. John Deere Constr. & Forestry Co.*, 834 F.3d 589, 593-96 (6th Cir. 2016). According to the Sixth Circuit:

> The burden of overcoming that presumption [of openness] is borne by the party that seeks to seal them. *In re Cendant Corp.*, 260 F.3d 183, 194 (3d Cir. 2001). The burden is a heavy one: "Only the most compelling reasons can justify the non-disclosure of judicial records." *In re Knoxville News-Sentinel Co.*, 723 F.2d 470, 476 (6th Cir. 1983). . . . And even where a party can show a compelling reason why certain documents or portions thereof should be sealed, the seal itself must be narrowly tailored to serve that reason. *See, e.g., Press-Enter. Co. v. Superior Court of California, Riverside Cnty.*, 464 U.S. 501, 509-11, 104 S. Ct. 819, 78 L. Ed. 2d 629 (1984). The proponent of sealing therefore must "analyze in detail, document by document, the propriety of secrecy, providing reasons and legal citations." *Baxter*, 297 F.3d at 548.

*Shane Grp.*, 825 F.3d at 305-06.

3

A movant's obligation to provide <u>compelling</u> reasons justifying the seal exists even if the parties themselves <u>agree</u> the filings should be sealed. *See Rudd Equip.*, 834 F.3d at 595 (noting the parties "could not have waived the *public's* First Amendment and common law right of access to court filings[]") (citation omitted); *see also In re Knoxville News-Sentinel Co.*, 723 F.2d 470, 475 (6th Cir. 1983) (in reviewing a motion to seal, the district court has "an obligation to consider the rights of the public"). Simply put, this Court has an obligation to keep its records open for public inspection and that obligation is not conditioned upon the desires of the parties to the case. *Shane Grp.*, 825 F.3d at 307.

A district court that chooses to seal court records must set forth specific findings and conclusions "which justify nondisclosure to the public." *Id.* at 306 (quoting *Brown & Williamson*, 710 F.2d at 1176). A court's failure to set forth reasons explaining why the interests in support of nondisclosure are compelling, why the interests supporting access are less so, and why the seal itself is no broader than necessary is grounds to vacate an order to seal. *Id.*

### III. ANALYSIS

Here, Plastpro's motion to file under seal falls short of the standards established by the Sixth Circuit. Plastpro argues that its motion for summary judgment should be sealed because it contains documents labeled confidential in discovery. (Doc. 37 at 1). As recognized by the Sixth Circuit and the terms of the Protective Order, the fact that the parties agreed these documents were confidential in discovery does not obviate the Court of its duty to ensure that its records are open for public inspection. *Rudd Equip.*, 834

4

F.3d at 595; *see also Shane Grp.*, 825 F.3d at 307 (explaining the court's "obligation to keep its records open for public inspection is not conditioned on an objection from anybody."). These cases are consistent with the terms of the Protective Order and this Court's local rules, which do not authorize documents to be filed under seal, regardless of how they are designated by the parties in discovery, without leave of Court. (Doc. 16 at 9); S.D. Ohio Civ. R. 5.2.1(a).

Plastpro has simply not demonstrated a compelling reason for the requested seal, nor has it submitted any information from which the Court could set forth specific findings and conclusions justifying non-disclosure to the public.

## IV. CONCLUSION

Accordingly, Plastpro's motion to file under seal (Doc. 37) is **DENIED** without prejudice to refiling.

**IT IS SO ORDERED**.

Date: 10/16/17

Timothy S. Black
United States District Judge